13-2134
Liu v. Holder

BIA
Hom, IJ
A200 929 122

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fourteen.

PRESENT:
   PIERRE N. LEVAL,
   JOSÉ A. CABRANES,
   CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

XIAOCHONG LIU,
   *Petitioner,*

   v.         13-2134
            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:  Xiaochong Liu, *Pro Se*, Las Vegas, Nevada.

FOR RESPONDENT:  Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Andrew N. O'Malley, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiaochong Liu, a native and citizen of the People's Republic of China, seeks review of an April 30, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") March 1, 2011, decision, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaochong Liu*, No. A200 929 122 (B.I.A. Apr. 30, 2013), *aff'g* No. A200 929 122 (Immig. Ct. N.Y. City Mar. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Liu failed to exhaust his challenge to the IJ's denial of CAT relief, we address

only asylum and withholding of removal. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (noting that petitioners must first challenge the denial of categories of relief before the BIA as a matter of statutory exhaustion).

For applications such as Liu's, governed by the REAL ID Act of 2005, the agency may, "considering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on Liu's inconsistent testimony and inconsistencies between his testimony and his documentary evidence. As the agency found, Liu gave confusing and inconsistent testimony regarding why he petitioned for a new Chinese passport after arriving in the United States.

Initially, Liu stated that he needed to replace his expiring passport, but later testified that needed a new passport as evidence of his admission to the United States and his nationality. The IJ reasonably rejected Liu's explanation that the new passport was necessary to apply for asylum, given that Liu's original passport, which he submitted, provided sufficient evidence of his entry and nationality. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

In addition, Liu's testimony that he reported his original passport lost (to obtain a replacement) contradicted his original passport, which was stamped "cancel" and had its corner cut. This suggested that the Chinese government received and invalidated it before issuing a new passport. Because these inconsistencies related to the reasonableness of Liu's fear of persecution by the Chinese government, the totality of the circumstances support the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.

Although Liu submitted corroborating letters from his relatives and pastors, a medical document and fine receipt from the date of his release from custody, and a notice from

4

the Chinese government, the IJ reasonably found that evidence insufficient to establish Liu's eligibility for relief absent credible testimony, because the authors were interested parties and unavailable for cross-examination and the medical document and notice were unsigned and unsworn. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence lies largely within agency's discretion)*; see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). The only evidence of a threat to Liu's life or freedom depended upon his credibility, so the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk